Charles' Ed BROWN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

July 29, 1977.

Certiorari Denied by Supreme Court
Oct. 24, 1977.

Hughie Ragan, Jackson, for appellant.

Brooks McLemore, Jr., Atty. Gen., Henry E. Hildebrand, III, Asst. Atty. Gen., Nashville, James G. Woodall, Howard F. Douglass, Asst. Dist. Attys. Gen., Jackson, for appellee.

## OPINION

GALBREATH, Judge.

This is an appeal by Charles Ed Brown, testing his conviction for selling marijuana. Sentence for this felony was set at 18 to 36 months in the penitentiary.

Six errors are assigned, the most troublesome contending that the offense committed is only a misdemeanor. The first three attack the legal sufficiency of the convicting evidence, and have no merit. The State's proof (the defendant presented none) showed that Brown drove his automobile to a high school campus during school hours, parked adjacent to the campus, engaged in a conversation with a student named John Samuel James and offered to sell him some marijuana, got the student into the car and drove him about a quarter of a mile from the campus where a small quantity of marijuana was taken from beneath the hood of Brown's car and sold to James for three dollars. A teacher had observed the occurrence, and the student was confronted upon Brown's returning him to the campus, the marijuana was confiscated and Brown subsequently arrested. The student testified for the State. The argument that he was an accomplice is without merit, since a purchaser is not an accomplice of the seller, not being chargeable with the same offense. *Conner v. State*, 531 S.W.2d 119 (Tenn.Cr.App.1975). Further, the testimony of the observing teacher, plus the recovery of the marijuana, con-

stituted all of the corroboration that would have been necessary even if the student had been an accomplice. The convicting evidence is certainly legally sufficient, and reflects an aggravated case of selling a small quantity (apparently .18 grams) of marijuana.

 The next assignment of error complains of portions of the prosecuting attorney's jury argument. At one point this was said:

Mr. Woodall: You all know what type of drug problem we have in Madison County and throughout the—(interrupted).

Mr. Ragan: Just a minute, if Your Honor please. I object to that kind of argument. It's outside the evidence.

The Court: I think he can argue generally his opinion about that if he doesn't elaborate or go too far in it.

Subsequently, in the State's closing argument, this was said:

Mr. Douglas: Well, Ladies and Gentlemen, I think that you live in this country and—well, there's been no proof, I'll admit that, on the drug problem that exists here in Madison County, but I think all of you read the paper and you hear about drugs not only here but all across the country, and—(interrupted).

Mr. Ragan: If Your Honor please, we submit that's improper argument.

The Court: Well, I think to continue on that line is improper. That has nothing to do with the question of guilt or innocence of this defendant in the case on trial at this time. I think it's all right to refer to it, but to elaborate on it—the objection is sustained.

We hold that this argument was not reversible error, in view of the trial judge's ruling.

Counsel for the appellant next attacks the validity of the rule that questions not presented upon the motion for a new trial cannot be raised for the first time on appeal. No such question is presented in this case, so the question is moot.

Finally, we reach the only assignment of error which we deem meritorious. Prior law by exclusionary language would have permitted a felony conviction for the sale of marijuana in this case regardless of the amount involved. T.C.A. § 52–1432(a)(3), prior to its amendment by Chapter 597 of the Public Acts of 1972, provided:

"Any person who violates section (a)(1)(F) of this section [relating to the sale of marijuana and tetrahydrocannabinols] by distributing a small amount of marijuana, not in excess of one-half (½) ounce, *for no remuneration,* shall be subject upon conviction to the provisions of subsection (b) of this section." (emphasis supplied)

The 1972 amendment removed the phrase "for no remuneration" thus bringing the sale of less than ½ ounce of marijuana under the misdemeanor provisions of T.C.A. § 52–1432(a)(3)(b).

It follows, that we must reduce the degree of the conviction from a felony to a misdemeanor and remand for re-sentencing by the trial judge.

Affirmed as modified and remanded.

DAUGHTREY, J., concurs.

RUSSELL, P. J., dissented.