Michael Anthony ROBINSON, Tracy Lemoyne Kelly, Errol Everard Young, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 3–90–046–CR, 3–90–047–CR and 3–90–048–CR.

Court of Appeals of Texas, Austin.

Aug. 30, 1991.

Rehearing Overruled Oct. 2, 1991.

Kyle B. Collins, Austin, George T. Dunn, Lockhart, for appellants.

Jeffrey L. Van Horn, Crim. Dist. Atty., Lockhart, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

JONES, Justice.

These appeals present a question of first impression in Texas: does a purchaser of a controlled substance become, by virtue of the law of parties, criminally responsible for the seller's delivery? A jury convicted appellants of delivery of marihuana in an amount greater than five pounds but less than fifty pounds. See Tex.Health & Safety Code Ann. § 481.120(a) & (b)(5) (Pamph. 1991). The trial court assessed punishment for each at thirty years' imprisonment. On appeal, appellants contend that, because they were merely the purchasers in the drug transaction, the trial court erred in charging the jury on the law of parties and the evidence is insufficient to support their convictions. We agree with appellants and will reverse the convictions.[1]

Appellants' convictions resulted from a "reverse sting." Danny Hinkle, an undercover officer, persuaded one Ricardo Castro to find a buyer for a large quantity of marihuana Hinkle wanted to sell. Castro talked with appellants, who agreed to purchase a portion of the marihuana for $10,-000. Appellants went with Castro to meet Hinkle at a designated meeting place, which Hinkle had arranged to have under close surveillance by other law enforcement officers. Appellant Robinson, acting as informal spokesman for all three appellants, informed Hinkle that they had $2,000 less than the agreed price. After a brief conversation, Hinkle agreed to sell appellants 15 pounds of marihuana for $8,000. The transfer of the drug was made from Hinkle to Robinson, whereupon appellants were arrested.

The indictments of appellants Kelly and Young charged them with having "then and there intentionally and knowingly deliver[ed], by actual transfer, to Michael Robinson, marihuana in an amount of more than five pounds but less than 50 pounds." The indictment of Robinson charged that he

did then and there, acting with intent to promote and assist the intentional and knowing delivery, by actual transfer, from Danny Hinkle to the said Michael Anthony Robinson of marihuana in an amount of more than five pounds but less than 50 pounds, intentionally and knowingly solicit, encourage, direct, aid, and attempt to aid the said Danny Hinkle to commit said offense, and the said Danny Hinkle did then and there intentionally and knowingly deliver, by actual transfer, to the said Michael Anthony Robinson, marihuana in an amount of more than five pounds but less than 50 pounds.[2]

At trial, the court charged the jury as to Kelly and Young that

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to an offense.

The court's charge as to Robinson did not include the foregoing definitions, but the application paragraph directed the jury to find Robinson guilty of the offense of deliv-

---

1. The three appellants were tried as codefendants below; therefore, although each appellant perfected a separate appeal, we will consider and decide their appeals in a single opinion.

2. In separate counts, the three indictments also charged appellants with the offense of possess-

ing marihuana in an amount greater than five but less than fifty pounds. However, the jury acquitted each appellant on the possession count. We are not here concerned with those counts.

ery of marihuana if they found beyond a reasonable doubt that he

did then and there, acting with intent to promote or assist the intentional or knowing delivery, by actual transfer, from Danny Hinkle to the said Michael Anthony Robinson of marihuana in an amount of more than five pounds but less than 50 pounds, intentionally or knowingly solicit, encourage, direct, aid, or attempt to aid the said Danny Hinkle to commit said offense, and the said Danny Hinkle did then and there intentionally or knowingly deliver, by actual transfer, to the said Michael Anthony Robinson, marihuana in an amount of more than five pounds but less than 50 pounds....

The trial court gave the jury a technically accurate charge as to the law of complicity, usually referred to as the "law of parties." The relevant section of the Texas Penal Code provides:

A person is criminally responsible for an offense committed by the conduct of another if:

\*  \*  \*  \*  \*  \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Tex.Penal Code Ann. § 7.02(a) (1974). The State argues that appellants, as purchasers, clearly solicited, encouraged, directed, or aided the commission of the offense of delivery, notwithstanding that the delivery was to themselves. We disagree.

■ We recognize that, as a general proposition, the law of parties applies to a prosecution for the delivery of a controlled substance. *See Boyer v. State,* 801 S.W.2d 897 (Tex.Crim.App.1991). Such application is not without exception, however. We believe Professor LaFave correctly states the general rule regarding exceptions to the law of complicity:

There are ... some exceptions to the general principle that a person who assists or encourages a crime is also guilty as an accomplice. For one, the victim of the crime may not be held as an accom-

plice even though his conduct in a significant sense has assisted in the commission of the crime....

*Another exception is where the crime is so defined that participation by another is inevitably incident to its commission.* It is justified on the ground that the legislature, by specifying the kind of individual who was guilty when involved in a transaction necessarily involving two or more parties, must have intended to leave the participation by the others unpunished.... Thus, under this exception one having intercourse with a prostitute is not liable as a party to the crime of prostitution, *a purchaser is not a party to the crime of illegal sale,....*

2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.8(e) at 165–66 (1986) (citations omitted) (emphasis added). Other commentators agree: "A purchaser of liquor is not regarded as an accomplice of the person charged with selling such liquor; nor is a purchaser of narcotics an accomplice of the person charged with selling such narcotics." 1 C. Torcia, *Wharton's Criminal Law,* § 38 at 202 (14th ed. 1978) (citations omitted).

Numerous jurisdictions have addressed the question presented here, and all have reached the same result. *See Thompson v. State,* 347 So.2d 1384, 1386 (Ala.Crim.App. 1977); *Sweatt v. State,* 251 Ark. 650, 473 S.W.2d 913, 914–15 (1971); *People v. Lamb,* 134 Cal.App.2d 582, 285 P.2d 941, 942–43 (1955); *State v. Hayes,* 351 N.W.2d 654, 657 (Minn.Ct.App.1984); *Tellis v. State,* 84 Nev. 587, 445 P.2d 938, 940 (1968); *People v. Tune,* 103 A.D.2d 990, 479 N.Y.S.2d 832, 834 (1984); *State v. Nasholm,* 2 Or.App. 385, 467 P.2d 647, 648 (1970); *State v. Fox,* 313 N.W.2d 38, 40 (S.D.1981); *Brown v. State,* 557 S.W.2d 926 (Tenn.Crim.App.1977); *State v. Berg,* 613 P.2d 1125, 1126 (Utah 1980); *State v. Warnock,* 7 Wash.App. 621, 501 P.2d 625, 625–26 (1972); *Wheeler v. State,* 691 P.2d 599, 602 (Wyo.1984). The opinion of the Supreme Court of Wyoming in *Wheeler* provides a good example of the reasoning employed in these decisions:

There is a definite distinction between a seller and a buyer. Their separate acts may result in a single transaction, but the buyer is not aiding the "selling act" of the seller and the seller is not aiding the "buying act" of the buyer. The buyer and seller act from different poles. They are not in association or confederacy. An accomplice is one who participates in the same criminal conduct as the defendant, not one whose conduct is the antithesis of the defendant, albeit the conduct of both is involved in a single transaction.

Wharton's Criminal Evidence (13th ed. 1973) tells us that a purchaser of narcotics is not an accomplice of the defendant charged with selling such narcotics, Id. Vol. 3, § 648, pp. 360–361, and we so hold. The purchaser of controlled substances commits the crime of "possession" and not "delivery," and, thus, is not an accomplice to a defendant charged with unlawful distribution.

*Wheeler*, 691 P.2d at 602.

The few Texas courts that have addressed analogous questions also have reached the same result. For example, when it was unlawful to perform an abortion in Texas, it was nonetheless well established that a woman on whom an abortion was performed, even if she consented to the procedure, was not an accomplice to the offense. *See Easter v. State*, 536 S.W.2d 223, 229 n. 7 (Tex.Crim.App.1976), and cases cited therein. Likewise, before the 1943 amendments to the vagrancy statutes, Texas courts held that one who was merely a customer of a prostitute was not guilty of the offense of prostitution. *See Lingenfelter v. State*, 73 Tex.Crim. 186, 163 S.W. 981, 982–84 (App.1913).

When the legislature adopted the current Penal Code in 1974, it abolished the distinction between "principals" and "accomplices," replacing those terms with the more modern concepts of "complicity" and "criminal responsibility for the conduct of another." We have found nothing, however, in the language or legislative history of the Code to indicate that the legislature intended to repudiate the long-standing precedent set by Texas courts in their treatment of accomplices to the offenses of prostitution and abortion. We conclude that, except where otherwise provided by express legislative enactment, this "exception" to the law of parties was carried into the current Penal Code.

 We hold that appellants, as purchasers, were not parties to the offense of delivery. Accordingly, we sustain appellants' points of error challenging the sufficiency of the evidence to sustain their convictions and the charging of the jury on the law of parties.

We reverse the three convictions and reform the judgments to reflect an acquittal on the delivery count as to each appellant.