Mozee v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-033-CR

     DEBRA JEAN MOZEE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-633-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Debra Jean Mozee guilty of delivery of a controlled substance, cocaine. Mozee
appeals on two points of error. First, Mozee argues that the evidence was insufficient to support
her conviction. Second, she argues that questions asked by the prosecutor prejudiced the jury
against her. We affirm the conviction. 
      Darryl Moore was working as an undercover narcotics officer for the Waco Police
Department. On March 23, 1992, Mozee waved at Moore from a street corner as he drove past. 
She asked him what he wanted, and he replied that he wanted a rock of crack. She got in the car
with the officer and directed him to a nearby parking lot. Mozee asked Officer Moore for twenty
dollars, but he refused to give her the money. Mozee then got out of the car and talked with a
man working on a car in the parking lot. She returned and again asked for the money. Officer
Moore again refused. Mozee then told Moore to pull his car over to the man she had been talking
to. Moore did so and purchased some cocaine from the man. Mozee asked Moore to share the
cocaine. He declined but gave her a few dollars.
      In her first point of error, Mozee argues that there is insufficient evidence to support her
conviction. The charge allowed the jury to convict Mozee based on either constructive delivery
or actual delivery as a party. Because the jury returned a general verdict of guilty, sufficient
evidence under either theory would sustain the conviction. See Aguirre v. State, 732 S.W.2d 320,
326 (Tex. Crim. App. 1987) (on rehearing).
      A person is guilty as a party to an offense if, "acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense." Tex. Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (Vernon 1974). 
      Mozee contends that there is no evidence that she was a party to the delivery, because she
helped Moore find and purchase the drugs, and received money from him, rather than helping the
other man give the drugs to Moore. For support, she relies on Robinson v. State, 815 S.W.2d 361
(Tex. App.—Austin 1991, pet. ref'd). In Robinson, drug purchasers were convicted of delivery. 
But the Austin Court of Appeals held that, as purchasers, they were not parties to the offense of
delivery. Id. at 364. Robinson differs factually from this case. Here, Mozee was neither the
actual purchaser nor the seller. She was, however, a party to the transaction, aiding its
completion. Such a person may be liable for delivery as a party. In Lacy v. State, 782 S.W.2d
556 (Tex. App.—Houston [14th Dist.] 1989, no pet.), the defendant led undercover officers to a
location where the officers bought cocaine from a third party. The court upheld the conviction
because the defendant had aided the unknown sellers in committing the offense. Id. at 558. 
      Neither does the fact that Moore paid Mozee a few dollars turn her into a purchaser rather
than a party to the offense of delivery. The defendant in Eastman v. State, 636 S.W.2d 272 (Tex.
App.—Amarillo 1982, pet. ref'd), asked officers for a portion of the drugs purchased or some
money. The court held that such a request is itself evidence that the defendant intended to promote
or assist in the commission of the offense. Id. at 274. Because there is sufficient evidence that
Mozee was a party to the delivery, we overrule point one.
      In her second point of error, Mozee contends that certain prosecution questions prejudiced the
jury against her, thus denying her a fair trial. She points to two series of questions during the
trial. 
      In the first series of questions, the prosecutor asked about the location of Mozee's children. 
Simply asking an improper question does not constitute reversible error unless there is obvious
harm to the defendant. Blackwell v. State, 818 S.W.2d 134, 137 (Tex. App.—Waco 1991, pet.
ref'd). Any error caused by an improper question will generally be cured by an instruction to
disregard. Id. Merely asking an improper question will require a reversal only when the question
alone is clearly calculated to inflame the minds of the jury and is of such a character as to suggest
the impossibility of withdrawing its impression on the jury. Id. We do not find these questions
to be so strongly prejudicial that an instruction to the jury would not have cured the harm. 
        Moreover, Mozee did not properly preserve this complaint for review. To preserve a
complaint for review, a defendant must first object, then ask for a curative instruction, and finally
move for a mistrial. Id. Mozee did object to these questions. After objecting, however, Mozee
neither requested an instruction to disregard nor moved for a mistrial.  
      In another part of the same point of error, Mozee complains about the possible prejudicial
nature of questions about her Jamaican accent. But to preserve a complaint for appellate review,
an appellant's brief must cite authority and present argument concerning the point of error. Kelley
v. State, 817 S.W.2d 168, 175 (Tex. App.—El Paso 1991, pet. ref'd). Here, Mozee cites no
authority and presents no argument concerning this line of questions. As a result, this portion of
the point of error was not briefed in accordance with Rule 74(f) of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 74(f). Therefore nothing is presented for review. We overrule
the second point of error. 
      We affirm the judgment.
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 13, 1993
Do not publish