Andrew Kent LECRONE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–01359–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 17, 1994.

Discretionary Review Refused
Feb. 22, 1995.

Floyd W. Freed, III, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before ROBERTSON, CANNON and LEE, JJ.

**OPINION**

ROBERTSON, Justice.

A jury found appellant guilty of the felony offense of delivery of more than 400 grams of cocaine, and the trial court assessed punishment at 15 years confinement and a $25,000 dollar fine. Appellant brings three points of error on appeal complaining of error in the trial court's sentencing, insufficient evidence, and error in the jury charge. We will affirm the judgment of the trial court.

■ Appellant's first point of error asserts that the trial court erred in failing to sentence appellant according to section 12.422 of the Penal Code. This section, now repealed, authorized a court to sentence persons convicted of certain first-, second-, and third-degree felonies, except murder, to incarceration in a substance abuse treatment facility as part of their punishment. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01,

1993 Tex. Gen. Laws 3586, 3604 (repealing substance abuse felony punishment statute). Appellant argues he was otherwise eligible for sentencing under this statute, and the trial court erred in not entering sentence accordingly. Neither appellant nor the state provides any caselaw interpreting the application of this repealed provision. However, we find the trial court correctly reasoned that appellant was not convicted of a first-degree felony, but an aggravated, or more serious, first-degree felony, which made him ineligible for sentencing under section 12.422. The Health and Safety Code sets out the applicable ranges of punishment according to the quantity of controlled substance in the underlying offense. Once the quantity exceeds twenty-eight grams, the offense is considered "aggravated." TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992). Thus, appellant's offense could not be described as merely a first-degree felony. Appellant was convicted as a party to the delivery of cocaine in an amount of at least 400 grams. As such, appellant's participation in the offense made applicable the highest range of punishment set out in this provision, with a minimum term of confinement of fifteen years. *Id.* § 481.112(d)(3). We find the trial court correctly determined the applicable statute, and we overrule point of error one.

■ Appellant's second point of error complains of the sufficiency of the evidence. In reviewing the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether a rational factfinder could find every element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The facts as viewed in this light are as follows. Undercover agents Bonnette and McDaniel with the Drug Enforcement Agency ("DEA") were introduced to appellant through an informant who had told DEA agents that appellant was a potential source of narcotics. The agents met appellant for the first time in person at a Bennigan's restaurant. At this meeting the agents told appellant they wanted to purchase three kilograms of cocaine. Appellant told the agents that "his people" were in possession of this amount of cocaine

and that they would be willing to sell. Appellant further discussed with the agents various details concerning the completion of the transaction. The parties agreed on a price of $53,500 dollars, five hundred of which would go the person who was the informant, and twenty-five hundred dollars of which would go to appellant himself. Agent McDaniel testified that after the negotiations at Bennigan's, appellant asked them to follow him to a convenience store. Once they were at the store, appellant got into the agent's vehicle to discuss appellant's calling his contact to come to that location and complete the purchase of the cocaine. As part of this discussion, appellant said he wanted to get his twenty-five hundred dollars up front, before the entirety of the money was given to his people. Appellant then got out of the car and made a phone call, shortly after which another individual, David Magee, appeared. Agent McDaniel walked up to appellant and Magee to continue the negotiations for the cocaine. The transaction did not take place at this time, however, because the owner of the cocaine did not feel comfortable with the area. The parties arranged that the transaction would occur the following day at the Firestone store at which appellant worked.

The next day, Agent McDaniel contacted appellant by paging him on his beeper. Appellant called back and said the transaction would have to occur at 6:00 p.m., after the end of the workday. Agent McDaniel said he wanted to complete the deal earlier, and appellant gave him the home phone number of David Magee to set up an earlier exchange of money for the cocaine. The parties then agreed to meet at noon in front of a convenience store. When the surveillance team arrived, Agent McDaniel telephoned Magee again, at the number appellant had given him, and Magee arrived at the store on foot shortly after the phone call. The transaction took place soon thereafter at another locale, at which time McDaniel gave the signal for an arrest to be made. Appellant was not arrested until later, at the Firestone store at which he was working.

■ Appellant argues that because he was not present at the time the transaction took

place that the evidence is insufficient to convict him of the charged offense. Such an argument is disingenuous in view of the jury charge authorizing the jury to find appellant guilty as a party to the transaction. Section 7.02 of the Penal Code sets out the conditions under which a person may be held criminally responsible for the actions of another and states specifically that an individual can be so found "if acting with intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense." [1] TEX. PENAL CODE ANN. § 7.02 (Vernon 1974). A court can look to circumstances occurring before the actual crime to determine whether an accused engaged in conduct manifesting an intent to assist in the commission of the offense. *Thompson v. State*, 697 S.W.2d 413, 416 (Tex.Crim.App.1985). As the above recitation of facts clearly reveals, appellant played a pivotal role in enabling the transaction. The only reason he was not present at the time of the actual transaction was the change in time and location because of Agent McDaniel not wanting to wait until appellant completed his workday. Appellant contacted a source that apparently was ready and able to provide the cocaine that was eventually purchased. He gave Agent McDaniel the phone number allowing the agent to complete the final arrangements with Magee. Appellant also required that he be given a certain amount of recompense for his own efforts in assisting in the sale. These actions prior to the delivery manifest an intent to assist in the commission of the delivery of the cocaine. Point of error two is overruled.

■ Point of error three asserts the trial court erred in failing to augment the jury charge with a requested instruction defining a "purchaser." Appellant asked that the court instruct the jury that "A purchaser of controlled substances, as one acting together with a purchaser of controlled substances cannot be a party to a delivery of controlled substances. And that the said 'Lacrone' [sic] was not a purchaser of controlled substances as acting together with the said F.M.

McDaniel as a purchaser of controlled substances." Appellant rests his argument on a case out of the Austin court of appeals in which the court held that the buyer in the offense of an illegal drug transaction cannot be a party to the offense. *Robinson v. State*, 815 S.W.2d 361, 364 (Tex.App.—Austin 1991, pet. ref'd). In relying on this case, appellant reasons that his relationship with the purchasers, the undercover agents, shows that he was acting on behalf of the purchasers and that therefore he falls within the rule in *Robinson* that a purchaser cannot be a party to an illegal sale. We find, however, that appellant's argument is a strained interpretation of his actions in assisting in the delivery and that the facts of his case do not in any way invoke the rule as its application was reasoned in *Robinson*.

The offense at issue in the instant case is the delivery of a controlled substance. The law of parties sets out the means by which the intent to assist in that delivery makes one individual responsible for the acts of another. We have found the evidence sufficient to show appellant's acts prior to the actual transaction manifested his intent to encourage and assist in the delivery of the cocaine to the undercover agents on the day the transaction was culminated. Although appellant argues the evidence raised the issue of his being a purchaser, appellant does not point us to any facts in the record suggesting that he himself purchased a controlled substance. Because this evidence is lacking, appellant proffers the legal theory that he was acting on behalf of the purchasers and must therefore be entitled to an instruction that as such he cannot be convicted of the charged offense as *Robinson* holds. To find as appellant urges creates the inconceivable circumstance in which a contact person, such as appellant, through whom a drug sale is made, could never be found a party to the delivery of a controlled substance because of his actions "on behalf of" the undercover purchasers. We find no error in the trial court's failure to submit appellant's requested instruction to the jury when the

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised Penal Code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

requested instruction was nothing but a strained reading of the law applicable to different facts and circumstances. Because we find no error in the jury charge, we need not proceed with the harm analysis urged by appellant pursuant to *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). Point of error three is overruled.

We affirm the judgment of the trial court.