TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00666-CR






Scott Michael Lando, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. D-1-DC-08-900151, HONORABLE FRED A. MOORE, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 A jury found Scott Michael Lando guilty of delivery of less than one gram of
crack cocaine. The trial judge assessed punishment of two years in prison, probated during a four-year term of community supervision. On appeal, Lando contends that the person who bought crack
from him and testified at trial was his accomplice and, therefore, that the trial court erred by denying
both his request for an accomplice-witness instruction and a directed verdict of acquittal because no
evidence was presented corroborating the inculpatory testimony of the accomplice witness. We will
affirm the judgment.

 Lando contends that the only direct evidence of the cocaine delivery for which he
was convicted came from Derek Easley, the recipient of the cocaine. Easley testified that Lando
gave him and a friend a ride from one motel to another. Easley testified that, when they were getting
out of the truck at their destination, Lando slid three rocks of cocaine across the seat to him. There
is no evidence that Easley knew of the cocaine's existence before Lando slid it to him. Easley
accepted the cocaine. Later that day, Easley was arrested when he sold half of one of the rocks to an
undercover agent. The arrest was apparently unconnected to Lando's delivery of cocaine to Easley. (1)

 Lando contends that his conviction is improperly based solely on the testimony of
Easley, who he contends is an accomplice witness. "A conviction cannot be had upon the testimony
of an accomplice unless corroborated by other evidence tending to connect the defendant with
the offense committed . . . ." Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005). A "person is an
accomplice if he participates before, during, or after the commission of the crime and can
be prosecuted for the same offense as the defendant or for a less[er]-included offense." Rodriguez
v. State, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003). Appellant touts a version of that test
susceptible to a somewhat broader range of witnesses because, instead of requiring the witness to
be susceptible to prosecution, it merely requires that the witness have acted "with the required
culpable mental state." See Patterson v. State, 204 S.W.3d 852, 858 (Tex. App.--Corpus Christi
2006, pet. ref'd). Whether the witness is actually charged and prosecuted for participating is
irrelevant to the determination of accomplice status. Blake v. State, 971 S.W.2d 451, 455
(Tex. Crim. App. 1998). Lando contends that Easley participated in the crime by accepting the
cocaine with the required culpable mental state and can be prosecuted for possession of a controlled
substance, which is a lesser-included offense of delivery of a controlled substance, the offense for
which Lando was convicted.

 The court of criminal appeals, however, has excluded recipients of drugs from being
considered parties or accomplices to the delivery of those drugs to them. Rodriguez, 104 S.W.3d
at 90-92. Rodriguez argued that the recipient of his cocaine delivery was "a party (and, therefore,
an accomplice) to the delivery offense" and that the trial court should have given an accomplice-witness instruction concerning the recipient's testimony. See id. at 90-91. The court of criminal
appeals cited the law of criminal responsibility providing that a person is criminally responsible as
a party to an offense if, with intent to promote or assist the commission of the offense, he
solicits encourages, directs, aids or attempts to aid the person to commit the offense. Id. at 91 (citing
Tex. Penal Code Ann. § 7.02). Not just despite, but because of, the inherent need for a delivery to
have a recipient, the court of criminal appeals held that the recipient of a controlled substance is not
a party to the defendant's delivery offense. Id. The court cited "an exception to the law of criminal
responsibility 'where the crime is so defined that participation by another is inevitably incident to
its commission.'" Id. at 92 (quoting Robinson v. State, 815 S.W.2d 361, 363 (Tex. App.--Austin
1991, no pet.)). The court of criminal appeals opined that the recipient of the cocaine was not
"aiding" the defendant's delivering act and, even if the receipt might trigger another offense (e.g.,
possession), the latter offense was "hermetically separated" from the delivery offense. Id. Rejecting
Rodriguez's argument that the cocaine recipient was "a party (and, therefore, an accomplice) to the
delivery offense," the court of criminal appeals rejected the contention that the defendant was
entitled to an accomplice-witness instruction and affirmed the judgment. Id. at 91-92.

 Lando attempts to distinguish Rodriguez because it relies in part on an opinion from
Wyoming, which he asserts does not consider persons culpable only for lesser-included offenses to
be accomplices concerning greater offenses. Rodriguez, 104 S.W.3d at 92 (citing Wheeler v. State,
691 P.2d 599, 602 (Wyo. 1984)). Neither the Wyoming court's reasoning nor the Texas court's
application of it rest on any distinction between accomplice status based on a requirement of
culpability for the identical offense. See id. The Texas court drew from the Wyoming opinion the
concept that buyer and seller have distinct roles and intentions in the same transaction. Id. Lando
also urges that cases concerning drug sales--like Wheeler and Robinson, both of which are cited in
Rodriguez--are distinct from free delivery cases. He does not explain why the fact of a purchase
makes a legal difference when the statute prohibiting delivery of a controlled substance does
not distinguish between sales and free samples, see Tex. Health & Safety Code Ann. § 481.112
(West 2010), and the court of criminal appeals did not draw that distinction in Rodriguez--a
case involving the delivery of cocaine by a father to his daughter without reference to whether
consideration was exchanged. See 104 S.W.3d at 90-92.

 Lando also contends that cases determining whether a recipient could be tried as a
party are inapplicable because party responsibility is a different inquiry from accomplice status
for testimonial admissibility and jury instruction purposes. While there may be distinctions between
parties to an offense and accomplices--particularly if different facts or offenses are at issue--the
court of criminal appeals plainly analyzes accomplice status using elements of the theory of criminal
responsibility as a party. See Rodriguez, 104 S.W.3d at 91; see also Paredes v. State, 129 S.W.3d
530, 536 n.4 (Tex. Crim. App. 2004). Party status can be critical because the court of criminal
appeals has held that, "if the witness cannot be prosecuted for the offense with which the defendant
is charged, or a lesser-included offense of that charge, the witness is not an accomplice witness as
a matter of law." Druery v. State, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). Because there is
no argument that Easley delivered the cocaine to himself, his susceptibility to prosecution as a party
to the delivery is critical under Druery. See id.

 Binding court of criminal appeals precedent controls the outcome of this appeal.
Lando's contention that Easley's receipt of cocaine makes him an accomplice witness in Lando's
trial for delivering that cocaine was presented and rejected in Rodriguez. See 104 S.W.3d at 90-92.
The court plainly stated that the recipient of the cocaine "is not a party to the delivery offense." Id.
at 91-92. Because, on the facts presented, Easley cannot be prosecuted as a principal or party to
Lando's delivery offense, Easley cannot--as a matter of law under Druery--be deemed an
accomplice witness in this trial. See 225 S.W.3d at 498. We conclude that the trial court did not err
by not giving an accomplice-witness instruction and by allowing (if it did) Lando's conviction to rest
on Easley's testimony alone.

 Finding no reversible error presented, we affirm the judgment.



 

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: August 31, 2012

Do Not Publish
1. There was additional evidence at trial that the State contends corroborates Easley's
testimony. There was also additional evidence concerning other activities including charged offenses
for which Lando was acquitted. For purposes of this opinion, we will focus on Easley's testimony
and whether it merited special consideration as the testimony of an accomplice.