# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00666-CR

**Scott Michael Lando, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-08-900151, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found Scott Michael Lando guilty of delivery of less than one gram of crack cocaine. The trial judge assessed punishment of two years in prison, probated during a four-year term of community supervision. On appeal, Lando contends that the person who bought crack from him and testified at trial was his accomplice and, therefore, that the trial court erred by denying both his request for an accomplice-witness instruction and a directed verdict of acquittal because no evidence was presented corroborating the inculpatory testimony of the accomplice witness. We will affirm the judgment.

Lando contends that the only direct evidence of the cocaine delivery for which he was convicted came from Derek Easley, the recipient of the cocaine. Easley testified that Lando gave him and a friend a ride from one motel to another. Easley testified that, when they were getting out of the truck at their destination, Lando slid three rocks of cocaine across the seat to him. There is no evidence that Easley knew of the cocaine's existence before Lando slid it to him. Easley

accepted the cocaine. Later that day, Easley was arrested when he sold half of one of the rocks to an undercover agent. The arrest was apparently unconnected to Lando's delivery of cocaine to Easley.[1]

Lando contends that his conviction is improperly based solely on the testimony of Easley, who he contends is an accomplice witness. "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed . . . ." Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005). A "person is an accomplice if he participates before, during, or after the commission of the crime and can be prosecuted for the same offense as the defendant or for a less[er]-included offense." *Rodriguez v. State*, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003). Appellant touts a version of that test susceptible to a somewhat broader range of witnesses because, instead of requiring the witness to be susceptible to prosecution, it merely requires that the witness have acted "with the required culpable mental state." *See Patterson v. State*, 204 S.W.3d 852, 858 (Tex. App.—Corpus Christi 2006, pet. ref'd). Whether the witness is actually charged and prosecuted for participating is irrelevant to the determination of accomplice status. *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998). Lando contends that Easley participated in the crime by accepting the cocaine with the required culpable mental state and can be prosecuted for possession of a controlled substance, which is a lesser-included offense of delivery of a controlled substance, the offense for which Lando was convicted.

---

[1] There was additional evidence at trial that the State contends corroborates Easley's testimony. There was also additional evidence concerning other activities including charged offenses for which Lando was acquitted. For purposes of this opinion, we will focus on Easley's testimony and whether it merited special consideration as the testimony of an accomplice.

The court of criminal appeals, however, has excluded recipients of drugs from being considered parties or accomplices to the delivery of those drugs to them. *Rodriguez*, 104 S.W.3d at 90-92. Rodriguez argued that the recipient of his cocaine delivery was "a party (and, therefore, an accomplice) to the delivery offense" and that the trial court should have given an accomplice-witness instruction concerning the recipient's testimony. *See id*. at 90-91. The court of criminal appeals cited the law of criminal responsibility providing that a person is criminally responsible as a party to an offense if, with intent to promote or assist the commission of the offense, he solicits encourages, directs, aids or attempts to aid the person to commit the offense. *Id.* at 91 (citing Tex. Penal Code Ann. § 7.02). Not just despite, but because of, the inherent need for a delivery to have a recipient, the court of criminal appeals held that the recipient of a controlled substance is not a party to the defendant's delivery offense. *Id.* The court cited "an exception to the law of criminal responsibility 'where the crime is so defined that participation by another is inevitably incident to its commission.'" *Id.* at 92 (quoting *Robinson v. State*, 815 S.W.2d 361, 363 (Tex. App.—Austin 1991, no pet.)). The court of criminal appeals opined that the recipient of the cocaine was not "aiding" the defendant's delivering act and, even if the receipt might trigger another offense (e.g., possession), the latter offense was "hermetically separated" from the delivery offense. *Id.* Rejecting Rodriguez's argument that the cocaine recipient was "a party (and, therefore, an accomplice) to the delivery offense," the court of criminal appeals rejected the contention that the defendant was entitled to an accomplice-witness instruction and affirmed the judgment. *Id.* at 91-92.

Lando attempts to distinguish *Rodriguez* because it relies in part on an opinion from Wyoming, which he asserts does not consider persons culpable only for lesser-included offenses to be accomplices concerning greater offenses. *Rodriguez*, 104 S.W.3d at 92 (citing *Wheeler v. State*,

3

691 P.2d 599, 602 (Wyo. 1984)). Neither the Wyoming court's reasoning nor the Texas court's application of it rest on any distinction between accomplice status based on a requirement of culpability for the identical offense. *See id.* The Texas court drew from the Wyoming opinion the concept that buyer and seller have distinct roles and intentions in the same transaction. *Id.* Lando also urges that cases concerning drug sales—like *Wheeler* and *Robinson*, both of which are cited in *Rodriguez*—are distinct from free delivery cases. He does not explain why the fact of a purchase makes a legal difference when the statute prohibiting delivery of a controlled substance does not distinguish between sales and free samples, *see* Tex. Health & Safety Code Ann. § 481.112 (West 2010), and the court of criminal appeals did not draw that distinction in *Rodriguez*—a case involving the delivery of cocaine by a father to his daughter without reference to whether consideration was exchanged. *See* 104 S.W.3d at 90-92.

Lando also contends that cases determining whether a recipient could be tried as a party are inapplicable because party responsibility is a different inquiry from accomplice status for testimonial admissibility and jury instruction purposes. While there may be distinctions between parties to an offense and accomplices—particularly if different facts or offenses are at issue—the court of criminal appeals plainly analyzes accomplice status using elements of the theory of criminal responsibility as a party. *See Rodriguez*, 104 S.W.3d at 91; *see also Paredes v. State*, 129 S.W.3d 530, 536 n.4 (Tex. Crim. App. 2004). Party status can be critical because the court of criminal appeals has held that, "if the witness cannot be prosecuted for the offense with which the defendant is charged, or a lesser-included offense of that charge, the witness is not an accomplice witness as a matter of law." *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). Because there is

4

no argument that Easley delivered the cocaine to himself, his susceptibility to prosecution as a party to the delivery is critical under *Druery*. *See id.*

Binding court of criminal appeals precedent controls the outcome of this appeal. Lando's contention that Easley's receipt of cocaine makes him an accomplice witness in Lando's trial for delivering that cocaine was presented and rejected in *Rodriguez*. *See* 104 S.W.3d at 90-92. The court plainly stated that the recipient of the cocaine "is not a party to the delivery offense." *Id.* at 91-92. Because, on the facts presented, Easley cannot be prosecuted as a principal or party to Lando's delivery offense, Easley cannot—as a matter of law under *Druery*—be deemed an accomplice witness in this trial. *See* 225 S.W.3d at 498. We conclude that the trial court did not err by not giving an accomplice-witness instruction and by allowing (if it did) Lando's conviction to rest on Easley's testimony alone.

Finding no reversible error presented, we affirm the judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: August 31, 2012

Do Not Publish

5