[Cite as *In re K.J.*, 2014-Ohio-2488.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: K.H., | : | JUDGES: |
| A MINOR CHILD | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2013 AP 11 0042 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
Court of Common Pleas, Juvenile
Division, Case No. 13JD00151


JUDGMENT:                    Reversed


DATE OF JUDGMENT:            June 5, 2014


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

BROOKE M. BURNS                        RYAN D. STYER
Assistant State Public Defender        Tuscarawas County Prosecutor
250 East Broad Street, Suite 1400
Columbus, OH 43215                     AMANDA K. MILLER
                                       Assistant County Prosecutor
                                       125 East High Ave.
                                       New Philadelphia, OH 44663

*Baldwin, J.*

{¶1} Appellant K.H. appeals a judgment of the Tuscarawas County Common Pleas Court, Juvenile Division, finding him delinquent by reason of complicity in drug trafficking (R.C. 2925.03(A)(1)). Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} On March 21, 2013, 14-year-old Z.C. stole ten Percocet pills from his mother's prescription bottle and brought them with him to middle school in order to get high. He gave three of the pills to his friend, appellant, in the boy's bathroom at the school. He later sold K.H. two pills for $4.00 because he wanted cash to purchase a drink from a vending machine.

{¶3} M.D. and two other boys witnessed a pill exchange in the bathroom between Z.C. and appellant. M.D. did not see money exchanged. The boys told their school principal that they saw the exchange of drugs in the bathroom. The principal did not find pills in the possession of appellant or Z.C., but contacted law enforcement.

{¶4} On April 3, 2013, appellee filed a complaint in the juvenile court alleging that "[K.H.] did knowingly sell or offer to sell a controlled substance to-wit: was complicit in drug trafficking by purchasing Percocet from a juvenile in the company of other juvenile males, in violation of §2825.03(A)(1) (Trafficking in Drugs), a felony of the fourth degree."

{¶5} The case proceeded to trial. At trial, appellant admitted that he had taken Percocet earlier in the week in question when Z.C. brought pills to his house, but denied ingesting Percocet on March 21, 2013. He denied having cash on the day of the incident, but claimed he saw Z.C. selling pills to two other boys during lunch.

{¶6} Appellant was found delinquent as charged. At disposition, the court found that K.H. had been using drugs since he was ten years old, and had a lengthy history in the juvenile court. Based on these facts, the court committed appellant to the Ohio Department of Youth Services for a minimum of six months, to a maximum of his twenty-first birthday. Appellant assigns a single error:

{¶7} "THE TUSCARAWAS COUNTY JUVENILE COURT VIOLATED K.H.'S RIGHT TO DUE PROCESS OF LAW WHEN IT ADJUDICATED HIM DELINQUENT OF DRUG TRAFFICKING, IN THE ABSENCE OF CREDIBLE AND COMPETENT EVIDENCE THAT HE SOLD OR OFFERED TO SELL A CONTROLLED SUBSTANCE OR THAT HE ACTED WITH THE KIND OF CULPABILITY REQUIRED FOR THE COMMISSION OF THE OFFENSE."

{¶8} Appellant argues that the judgment finding him delinquent by reason of complicity to drug trafficking is not supported by sufficient evidence.

{¶9} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶10} R.C. 2925.03(A)(1) defines trafficking in drugs:

{¶11} "(A) No person shall knowingly do any of the following:

{¶12} "(1) Sell or offer to sell a controlled substance or a controlled substance analog[.]"

{¶13} R.C. 2923.02(A) defines complicity:

{¶14} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

{¶15} "(1) Solicit or procure another to commit the offense;

{¶16} "(2) Aid or abet another in committing the offense;

{¶17} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

{¶18} "(4) Cause an innocent or irresponsible person to commit the offense."

{¶19} To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime. *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus.

{¶20} Appellant argues that he did not have the culpability required for the commission of the offense of trafficking, nor did he solicit Z.C. to commit the offense, aid or abet Z.C. in committing the offense, conspire with Z.C. in committing the offense, or cause an innocent person to commit the offense. The State argues that appellant's encouraging, supportive and cooperative conduct in the morning would probably cause Z.C. to give him the remaining Percocet pills in the afternoon, and thus he acted with the mental state required for a conviction of trafficking and aided or abetted Z.C. in committing the offense.

{¶21} There is no evidence that appellant possessed the criminal intent to sell the Percocet. While he may have intended for Z.C. to sell the drugs to him, appellant

himself did not have the intent to sell the drugs, he merely had the intent to receive the drugs from Z.C. The definition of drug trafficking by its nature requires two parties: a seller and a buyer. In virtually every transaction, the buyer has the intent for the seller to sell or offer to sell the controlled substance; however, the legislature did not see fit to include the buyer in the definition of trafficking in drugs.

{¶22} While Z.C. testified that he knew appellant would want the Percocet pills because the two of them had engaged in recreational drug activity in the past, this evidence without more is insufficient to support a finding that appellant shared the criminal intent of Z.C. and that appellant supported, assisted, encouraged, cooperated with, advised, or incited Z.C. in the commission of the crime. While we decline to hold that there will never be a case where the buyer's conduct supports a conviction of complicity to drug trafficking, the evidence in the instant case is insufficient to demonstrate that appellant acted with the culpability required for commission of drug trafficking and that he took any of the actions set forth in R.C. 2923.02(A).

{¶23}   The assignment of error is sustained.   The finding of delinquency is vacated.   This case is remanded to the Tuscarawas County Common Pleas Court, Juvenile Division, with instructions to discharge appellant on the instant finding of delinquency.   Costs are assessed to appellee.

By: Baldwin, J.

and Wise, J. concurs.

Gwin, P.J., concurs separately

*Gwin, concurs separately*

{¶24} I concur in the decision reached by the majority; however, I do so for the following reasons.

{¶25} In *Robinson v. Texas,* 815 S.W.2d 361(Tex.Crim.App. 1991), the Court reviewed the consensus on this issue,

> We believe Professor LaFave correctly states the general rule regarding exceptions to the law of complicity:

> There are ... some exceptions to the general principle that a person who assists or encourages a crime is also guilty as an accomplice. For one, the victim of the crime may not be held as an accomplice even though his conduct in a significant sense has assisted in the commission of the crime....

> *Another exception is where the crime is so defined that participation by another is inevitably incident to its commission.* It is justified on the ground that the legislature, by specifying the kind of individual who was guilty when involved in a transaction necessarily involving two or more parties, must have intended to leave the participation by the others unpunished.... Thus, under this exception one having intercourse with a prostitute is not liable as a party to the crime of prostitution, *a purchaser is not a party to the crime of illegal sale,*....

> 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.8(e) at 165– 66 (1986) (citations omitted) (emphasis added). Other commentators agree: "A purchaser of liquor is not regarded as an accomplice of the person charged with selling such liquor; nor is a purchaser of narcotics an

accomplice of the person charged with selling such narcotics." 1 C. Torcia, *Wharton's Criminal Law,* § 38 at 202 (14th ed. 1978) (citations omitted).

Numerous jurisdictions have addressed the question presented here, and all have reached the same result. *See Thompson v. State,* 347 So.2d 1384, 1386 (Ala.Crim.App.1977); *Sweatt v. State,* 251 Ark. 650, 473 S.W.2d 913, 914–15 (1971); *People v. Lamb,* 134 Cal.App.2d 582, 285 P.2d 941, 942–43 (1955); *State v. Hayes,* 351 N.W.2d 654, 657 (Minn.Ct.App.1984); *Tellis v. State,* 84 Nev. 587, 445 P.2d 938, 940 (1968); *People v. Tune,* 103 A.D.2d 990, 479 N.Y.S.2d 832, 834 (1984); *State v. Nasholm,* 2 Or.App. 385, 467 P.2d 647, 648 (1970); *State v. Fox,* 313 N.W.2d 38, 40 (S.D.1981); *Brown v. State,* 557 S.W.2d 926 (Tenn.Crim.App.1977); *State v. Berg,* 613 P.2d 1125, 1126 (Utah 1980); *State v. Warnock,* 7 Wash.App. 621, 501 P.2d 625, 625–26 (1972); *Wheeler v. State,* 691 P.2d 599, 602 (Wyo.1984). The opinion of the Supreme Court of Wyoming in *Wheeler* provides a good example of the reasoning employed in these decisions:

There is a definite distinction between a seller and a buyer. Their separate acts may result in a single transaction, but the buyer is not aiding the "selling act" of the seller and the seller is not aiding the "buying act" of the buyer. The buyer and seller act from different poles. They are not in association or confederacy. An accomplice is one who participates in the same criminal conduct as the defendant, not one whose conduct is the

antithesis of the defendant, albeit the conduct of both is involved in a single transaction.

Wharton's Criminal Evidence (13th ed. 1973) tells us that a purchaser of narcotics is not an accomplice of the defendant charged with selling such narcotics, Id. Vol. 3, § 648, pp. 360–361, and we so hold. The purchaser of controlled substances commits the crime of "possession" and not "delivery," and, thus, is not an accomplice to a defendant charged with unlawful distribution.

*Wheeler,* 691 P.2d at 602.

*Robinson*, 815 S.W.2d at 363-64. *Accord*, *Sobrino v. State*, 471 So.2d 1333 (Fla.App. 1985).

**{¶26}** R.C. 2923.03(F) states, "A charge of complicity may be stated in terms of this section, or in terms of the principal offense." It is axiomatic that one cannot be convicted of trafficking in drugs on a theory that one sold the drugs to oneself. This is not a case where the defendant acted as an agent in purchasing the drugs from the seller on behalf of a third-party buyer.

**{¶27}** Accordingly, I concur in the decision to reverse the decision of the trial court.