[Crim. No. 5385. Second Dist., Div. One. July 26, 1955.]

THE PEOPLE, Respondent, v. MARK C. LAMB, Appellant.

Stanley R. Malone, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Marvin Gross, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the District Attorney of Los Angeles County, defendant was accused of a violation of section 11500 of the Health and Safety Code of California, in that on or about September 18, 1954, he sold, furnished and gave away a quantity of marihuana cigarettes. Following entry of a plea of not guilty the cause proceeded to trial before a jury which returned a verdict finding defendant guilty as charged. Motion for a new trial was denied. From the judgment of conviction and the order denying his motion for a new trial defendant prosecutes this appeal.

We consider the following a fair statement of the evidence given in this prosecution. Defendant was employed as a parking lot attendant at a café in the city of Los Angeles on the night of September 18, 1954. Barney Kessel, employed as a musician at the above mentioned café testified that as he was passing through the parking lot on his way to work that night, defendant Lamb asked him to tell Robert Shevak

that Lamb wanted to see him, and that at or about 10:30 p. m. on the same night, Kessel informed Shevak of this message.

Robert Shevak, also employed as a musician at the same café, testified that he received the above message from Kessel and that shortly thereafter, went out to the parking lot; that Lamb showed him a bundle of about 28 cigarettes and gave him one to try. Shevak testified he told Lamb there were too many and that he couldn't take them all, but that Geordie would probably like to look at them.

Shevak further testified that he shared the one cigarette with Geordie Hormel; that after another ''set'' (of music) was played, Hormel and Shevak went to the parking lot where Hormel gave Shevak $20 which Shevak in turn handed to Lamb; that a minute or so later while all three were still together, Lamb handed Shevak a rubber band-wrapped bundle of about 28 cigarettes; that at Hormel's suggestion, Shevak took about half, handing the remaining approximately 13 or 14 cigarettes to Hormel. Shevak testified that he thereafter threw his cigarettes into some nearby bushes.

Shevak also testified he had obtained marihuana from Lamb prior to September 18, 1954.

Matthew O'Connor, narcotics investigator for the Department of Justice, State of California, Los Angeles office, testified that he and Officer O'Grady observed Lamb at the parking lot at the aforesaid café from across the street on the night of September 18, 1954. He further testified that on the night in question, he observed several different persons drive into the lot, and walk into the lot and have a conversation with Lamb; whereupon Lamb would depart and at times walk to a lamp post and at other times to a car wheel, stoop down, then stand up, walk back to the persons, and then these persons would leave the parking lot without entering the café. Officer O'Conner further testified that he later examined the aforesaid lamp post but found nothing of a contraband nature. That on the following morning, in company with police officer O'Grady, they searched the home of defendant and again found no marihuana or other narcotics.

John E. O'Grady testified that he was a police officer of the city of Los Angeles assigned to the Narcotic Division; that he observed defendant in the parking lot on September 18, 1954, that he arrested Hormel and conducted a search of the latter's automobile in which he found 13 or 14 paper-wrapped cigarettes with a rubber band around them.

William G. Penprase, a chemist for the Los Angeles Police

Department, testified that he received the aforesaid cigarettes, selected six of the 13 at random, examined them and found that they contained marihuana.

As a witness in his own behalf, defendant Lamb testified that he did not sell any marihuana to any person on the night in question; that he did not ask Kessel to deliver any message to anyone. He further denied talking to Shevak and Hormel together that night except that as they passed through the parking lot on their way to work when they "spoke and I spoke."

Appellant's sole ground for reversal is that the court erred to his prejudice in refusing to give his proffered instructions regarding the testimony of the witness Shevak, who, it is urged, was an accomplice.

Section 1111 of the Penal Code defines an accomplice as one who is liable to prosecution for the *identical* offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

In the instant proceeding appellant Lamb was on trial upon the specific charge of *selling,* furnishing and giving away marihuana. In other words, he was charged with the *sale* of marihuana, while the witness Shevak was interested in the *purchase* of marihuana from appellant.

In *People* v. *Baskins,* 72 Cal.App.2d 728, 731 [165 P.2d 510], it was held, ". . . An accomplice must stand in the same relation to the crime as the person charged therewith and must approach it from the *same direction. Similarity* of offenses is *not* the same as *identity. (People* v. *Galli,* 68 Cal.App. 682, 684. . . . [230 P. 20].)'' (Emphasis added.) See also *People* v. *Cowan,* 38 Cal.App.2d 231, 242 [101 P.2d 125] ; *People* v. *Brown,* 61 Cal.App. 748, 752 [216 P. 58].

It is manifest that while the witness Shevak may well be guilty of some crime nevertheless, under the requirements of identity of offense as distinguished from a mere similarity, he cannot be classed as an accomplice. To be an accomplice one must knowingly, voluntarily, and with common intent unite with the principal offender in the commission of the crime. (*People* v. *Shaw,* 17 Cal.2d 778, 799 [112 P.2d 241] ; *People* v. *Frahm,* 107 Cal.App. 253, 263 [290 P. 678] ; *People* v. *Walker,* 88 Cal.App.2d 265, 268 [198 P.2d 534].)

In the case at bar there was no "common intent" between appellant and Shevak, nor a "uniting" in the commission of the crime charged against the former. As heretofore pointed out, Shevak was interested in the purchase of

marihuana and not in its sale. Shevak received nothing from appellant by way of compensation for the sale. It was after the sale to Hormel was consummated by appellant that Shevak took one-half of the cigarettes as a gift from Hormel. Applying the facts and circumstances here shown in evidence with the definition set forth in section 1111 of the Penal Code, the conclusion is inescapable that Shevak was not liable to prosecution for the identical offense charged against appellant, who was guilty of selling (*People* v. *Abair*, 102 Cal.App.2d 765, 772, 773 [228 P.2d 336]). There was therefore, no error in refusing the requested instructions.

█ Where, as in the instant case, the facts with respect to the participation of a witness in the crime for which the accused is on trial are clear and not disputed, it is for the court to determine whether he is an accomplice. █ It is only when although there is evidence tending to connect the witness with the crime, the facts are disputed or susceptible of different inferences, that the question of complicity should be submitted to the jury (*People* v. *Swoape*, 75 Cal.App. 404, 413, 414 [242 P. 1067]; *People* v. *Allison*, 200 Cal. 404, 408 [253 P. 318]; *People* v. *Frahm, supra,* p. 264).

The judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Drapeau, J., concurred.