MILTON TELLIS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 5503

October 22, 1968                    445 P.2d 938

*Foley Brothers,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Charles E. Thompson,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This appeal is from conviction of appellant for selling heroin, a felony, and from an order denying a motion for new trial and in arrest of judgment. We affirm in all respects.

James Alexander, a police informer, was recruited to make a "buy" from Milton Tellis. Alexander sought the aid of Sybil Strano in his effort on behalf of law enforcement.

Alexander and Strano first went to Tellis' home in furtherance of their purpose and later met him on a deserted road, where Mrs. Strano, with money supplied by the police through Alexander, purchased a package of heroin "caps" from Tellis. She kept two "caps" for herself and turned the others over to Alexander who in turn gave them to the police. No law officer witnessed the transaction.

Tellis was arrested, tried, convicted, and pursuant to NRS 453.210(2a) was sentenced to a penitentiary term of twenty to forty years and a fine of $10,000.

The conviction depended entirely upon the testimony of James Alexander. There was no corroborative evidence.

Appellant's specifications of error include:

(1) That Alexander was an accomplice as defined in NRS 175.265 and his testimony being uncorroborated would not support the conviction.

(2) That Alexander being an addict-informer, corroboration of his testimony was required.

(3) That the lower court should have declared a mistrial for prejudicial leading questions by and remarks of the prosecutor.

(4) The trial court improperly refused to answer a question propounded by the jury during its deliberation.

(5) The trial court imposed a wrong sentence.

1. James Alexander was not an accomplice, and conviction upon his uncorroborated testimony need not be reversed for that reason.

NRS 175.265(2) provides as follows: "An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

Appellant is here charged with a sale of narcotics. Alexander, if criminally responsible at all, was a buyer of narcotics but more correctly a feigned buyer.[1]

The question really becomes this: "Is the buyer of narcotics an accomplice to the act of selling?" Our court has never considered that question head on. The California courts which have passed upon the issue say no. People v. Frayer, 295 P.2d 456 (Cal.App. 1956); People v. Lamb, 285 P.2d 941 (Cal. App. 1955). We agree with their resolution of the problem. We see no merit to appellant's contention that Alexander was

---

[1]See State v. Verganadis, 50 Nev. 1, 248 P. 900 (1926); and State v. Smith, 33 Nev. 438, 117 P. 19 (1911). Both those cases were decided prior to enactment of NRS 175.265(2). They indicate that testimony of a feigned accomplice does not require corroboration to support a conviction. They also appear to hold that if the evidence is clear (as it is here) that there is no criminal intent, the court may say as a matter of law the accomplice is feigned. But if there is conflicting testimony upon the manner of cooperation, the feigned accomplice question becomes one of fact for the jury. But neither the prosecution nor defense appears to have relied upon that theory in this case.

Tellis' accomplice because of the former's participation in the purchase of the narcotics through Mrs. Strano. But see State v. Carey, 34 Nev. 309, 122 P. 868 (1912), which holds that the complaining witness is an accomplice in a prosecution for the crime of assault with intent to commit the infamous crime against nature if he voluntarily consented to the act; and State v. Pray, 64 Nev. 179, 179 P.2d 449 (1947), which holds that a person suborned of perjury and the sole witness, was an accomplice to the act of perjury but not to the subornation. We think both those cases can be distinguished because there is no element in the crime of sale of narcotics of which the seller and buyer could both be convicted. Furthermore, the California cases and our statute require that an accomplice must stand in the same relation to the crime as the person charged and must approach it from the same direction. People v. Frayer and People v. Lamb, supra. We therefore hold Alexander was not an accomplice to the criminal act of selling narcotics with which Tellis was charged and convicted.

2. The second point urged has been resolved by our decision in Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968). We do agree however that one of the statements in Crowe must be corrected. We said on page 367 of the opinion (441 P.2d 95), "In this context we believe that the testimony of but one witness, be it an informer, an *accomplice* or an undercover policeman, is sufficient to convict a defendant for the sale of narcotics if the testimony contains all of the essential elements of the crime." Inclusion of "an accomplice" in that sentence was inadvertent and we now modify that rule excluding "an accomplice."

3. Appellant complains of certain leading questions propounded by the prosecutor and certain prejudicial remarks attributed to him during argument to the jury. The leading questions were but a recapitulation of prior testimony and the comments of the prosecutor were withdrawn and the jury admonished to disregard them. We see no prejudice in either regard.

4. Appellant contends the trial judge improperly refused to answer a question propounded by the jury to the court during deliberation. The question was: "Is Tellis charged with a sale of narcotics to Alexander as on the indictment or is he charged with a sale of narcotics?" The court's answer was: "The court must advise you that the jury has been instructed

in accordance with the law of the State of Nevada, and that the question proposed by you must be resolved within the framework of those instructions, and the evidence that has been adduced. That is the answer of the Court. Do you wish to return to the Jury Room at this time, sir."

Appellant urges that NRS 175.395[2] is a mandatory command to the trial judge to give the jury any information they request during their deliberation. We do not so read that statute. The trial judge has wide discretion in the manner and extent he answers a jury's questions during deliberation. If he is of the opinion the instructions already given are adequate, correctly state the law and fully advise the jury on the procedures they are to follow in their deliberation, his refusal to answer a question already answered in the instructions is not error. State v. Vaughn, 265 P.2d 249 (Ore. 1954); State v. Flett, 380 P.2d 634 (Ore. 1963). The mandatory word "shall" in the statute applies only to the presence of counsel if the information requested is given. State v. Vaughn, supra.

5. The final point involves the sentence affixed by the lower court. When the defendant was charged, the statute then in force was NRS 453.210(2a), which required an indeterminate sentence of not less than twenty nor more than forty years and a mandatory fine of $10,000. By the time he was convicted and sentenced however, NRS 453.210(2a) had been amended by the 1967 Nevada legislature[3] reducing the sentence to a determinate sentence of not less than one nor more than twenty years which may be punished further by a fine of not more than $5,000.

Appellant contends that because the legislature failed to enact a "savings clause"[4] as part of the 1967 statute amending NRS 453.210(2a), we are obligated to construe the statute strictly and give him the benefit of the sentence in effect at the

---

[2] NRS 175.395. "After the jury have retired for deliberation, if there is any disagreement between them as to any part of the testimony, or if they desire to be informed on any point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required shall be given in the presence of, or after notice to, the district attorney and the defendant or his counsel."

[3] Stats. Nev. 1967, ch. 211.

[4] An example of a savings clause would be, "Nothing herein shall affect any pending prosecution." See 103 A.L.R. 1044.

time he was convicted and sentenced, notwithstanding the statute carrying a more severe penalty was in force at the time of his arrest.

We hold NRS 193.130 constitutes a legislatively enacted savings clause. That statute reads as follows:

"* * * Every person convicted of a felony:

1. For which a term of imprisonment is provided by statute, shall be sentenced to a definite term of imprisonment which shall be within the limits prescribed by the applicable statute, *unless the statute in force at the time of commission of such felony prescribed a different penalty.*"

Accordingly, the lower court correctly imposed the sentence in force at the time of the commission of the felony in question.

The conviction and sentence are affirmed.

THOMPSON, C. J., ZENOFF, BATJER, JJ., and GABRIELLI, D. J., concur.