STANLEY PICKARD, Appellant, *v.* SHERIFF, MINERAL COUNTY, NEVADA, Respondent.

No. 9523

March 9, 1977                                   560 P.2d 912

*Rodlin H. Goff,* Public Defender, and *Fred H. Atcheson,* Deputy Public Defender, Carson City, for Appellant.

*Larry G. Bettis,* District Attorney, and *John S. Hill,* Deputy District Attorney, Mineral County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Stanley Pickard was ordered to stand trial on four felony counts of furnishing a controlled substance (marijuana). NRS 453.321 and 453.161. He then filed a pretrial petition for a writ of habeas corpus contending the charges cannot stand because the only incriminating evidence presented at the preliminary examination was accomplice testimony which was not corroborated as required by NRS 175.291.[1] The district judge denied habeas and, in this appeal, Pickard advances the same contention.

The incriminating testimony that established probable cause to hold Pickard for trial was given by gratuitous recipients of a contraband.[2] We have previously held that a buyer of narcotics is not an accomplice to the act of selling. Tellis v. State, 84 Nev. 587, 445 P.2d 938 (1968).[3] We perceive no significant difference in the status of a person who is furnished contraband for cash or, as here, gratuitously. Thus, we extend our holding in Tellis to include persons who receive contraband gratuitously. Accord, People v. Poindexter, 330 P.2d 763 (Cal. 1958); State v. Winslow, 472 P.2d 852 (Or.App. 1970).

Affirmed.

---

[1]NRS 175.291 provides:

1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.

2. An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

[2]NRS 453.321(1), the statute which proscribes the act, reads, in part: "it is unlawful for any person to sell, exchange, barter, supply or give away a controlled or counterfeit substance."

[3]See Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971), for a comprehensive discussion of the law relating to accomplice testimony.