DUANE MILTON VARNER, Jr., and LINDA LOU VARNER, Appellants, v. THE STATE OF NEVADA, Respondent.

No. 11591

October 22, 1981                    634 P.2d 1205

*William N. Dunseath,* Public Defender, *Jane G. McKenna,* Deputy Public Defender, Washoe County, for Appellants.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

*Per Curiam:*

Convicted of slot machine cheating, appellants contend on appeal that a communication by the district court to the jury

during deliberations was error. We agree, but we affirm the judgments of conviction.

Just prior to being booked at the police station and not in response to any police interrogation, appellant Duane Milton Varner, Jr., told the police that his wife and another man taken into custody should be released because Varner "was responsible for it all." Because the statement was presented to the jury without any showing of voluntariness, a motion for mistrial was made by appellant Duane Milton Varner. Finding that the statement was voluntary, the court denied the motion and instructed the jury at the conclusion of the evidence to disregard appellant's statement if they decided that it was not made voluntarily.[1] During deliberations, the jury sent a note to the district court judge asking, "At what point were Mr. Varner's rights first read to him? and by whom? (does this concern us?)" The judge wrote "no" and his initials on the note and returned it to the jury.

The district judge committed error by responding to the jury's question without either notifying the parties or submitting the requested information in the presence of a representative from both the prosecution and each defendant. NRS 175.451 states:

> After the jury have retired for deliberation . . . if they desire to be informed on any point of law arising in the cause . . . the information required shall be given in the presence of, or after notice to, the district attorney and the defendant or his counsel.

We have stated in regards to this statute that the mandatory word "shall" applies to the presence of counsel if the information requested is given. Tellis v. State, 84 Nev. 587, 445 P.2d 938 (1968).

However, the error that the district court committed was harmless under the facts presented on appeal. In essence, the response of the trial judge amounted to an instruction that the circumstances surrounding the advisement of rights in this case pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), were irrelevant as to whether the statement made by appellant was voluntary. A careful examination of the record on appeal discloses that the statement in issue here did not result from police questioning. As we stated in Burns v. State, 88 Nev. 215, 495

---

[1]Appellants did not object to this instruction, nor did they request any other instructions on the subject of the voluntary or volunteered character of Varner's statement.

P.2d 602 (1972), the requirements set forth in *Miranda* for custodial interrogations do not apply to volunteered utterances. The answer which the district court provided was thus correct.[2]

The judgments of conviction are, therefore, affirmed.

---

[2]At the hearing in district court on voluntariness, even appellant's counsel conceded that *Miranda* did not apply:

[Defense Counsel]: Interrogation eminent [sic] within two feet, two-and-a-half or three feet, and I just believe that this statement is without having been given his rights. It is not proper.

The Court: Well, does that fit in to [sic] the Miranda ruling, though?

[Defense Counsel]: Well, Your Honor, I have to say no because there was not interrogation exactly at that point.