Kelly v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-046-CR




MICHAEL ANTHONY ROBINSON,




 APPELLANT


NO. 3-90-047-CR




TRACY LEMOYNE KELLY,




 APPELLANT


NO. 3-90-048-CR




ERROL EVERARD YOUNG,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL

DISTRICT


NOS. 89-229, 89-231, 89-232, HONORABLE CHARLES R. RAMSAY, JUDGE

PRESIDING


 




 These appeals present a question of first impression in
Texas: does a purchaser of a controlled substance become, by
virtue of the law of parties, criminally responsible for the
seller's delivery? A jury convicted appellants of delivery of
marihuana in an amount greater than five pounds but less than fifty
pounds. See Tex. Health & Safety Code Ann. § 481.120 (a) & (b)(5)
(Pamph. 1991). The trial court assessed punishment for each at
thirty years' imprisonment. On appeal, appellants contend that,
because they were merely the purchasers in the drug transaction,
the trial court erred in charging the jury on the law of parties
and the evidence is insufficient to support their convictions. We
agree with appellants and will reverse the convictions. (1)

 Appellants' convictions resulted from a "reverse sting." 
Danny Hinkle, an undercover officer, persuaded one Ricardo Castro
to find a buyer for a large quantity of marihuana Hinkle wanted to
sell. Castro talked with appellants, who agreed to purchase a
portion of the marihuana for $10,000. Appellants went with Castro
to meet Hinkle at a designated meeting place, which Hinkle had
arranged to have under close surveillance by other law enforcement
officers. Appellant Robinson, acting as informal spokesman for all
three appellants, informed Hinkle that they had $2,000 less than
the agreed price. After a brief conversation, Hinkle agreed to
sell appellants 15 pounds of marihuana for $8,000. The transfer of
the drug was made from Hinkle to Robinson, whereupon appellants
were arrested.

 The indictments of appellants Kelly and Young charged
them with having "then and there intentionally and knowingly
deliver[ed], by actual transfer, to Michael Robinson, marihuana in
an amount of more than five pounds but less than 50 pounds." The
indictment of Robinson charged that he


did then and there, acting with intent to promote and
assist the intentional and knowing delivery, by actual
transfer, from Danny Hinkle to the said Michael Anthony
Robinson of marihuana in an amount of more than five
pounds but less than 50 pounds, intentionally and
knowingly solicit, encourage, direct, aid, and attempt to
aid the said Danny Hinkle to commit said offense, and the
said Danny Hinkle did then and there intentionally and
knowingly deliver, by actual transfer, to the said
Michael Anthony Robinson, marihuana in an amount of more
than five pounds but less than 50 pounds. (2)



 At trial, the court charged the jury as to Kelly and
Young that



 A person is criminally responsible as a party to an
offense if the offense is committed by his own conduct,
by the conduct of another for which he is criminally
responsible, or by both.


 A person is criminally responsible for an offense
committed by the conduct of another if, acting with
intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.


 Mere presence alone will not constitute one a party
to an offense.



The court's charge as to Robinson did not include the foregoing
definitions, but the application paragraph directed the jury to
find Robinson guilty of the offense of delivery of marihuana if
they found beyond a reasonable doubt that he



did then and there, acting with intent to promote or
assist the intentional or knowing delivery, by actual
transfer, from Danny Hinkle to the said Michael Anthony
Robinson of marihuana in an amount of more than five
pounds but less than 50 pounds, intentionally or
knowingly solicit, encourage, direct, aid, or attempt to
aid the said Danny Hinkle to commit said offense, and the
said Danny Hinkle did then and there intentionally or
knowingly deliver, by actual transfer, to the said
Michael Anthony Robinson, marihuana in an amount of more
than five pounds but less than 50 pounds . . . .



 The trial court gave the jury a technically accurate
charge as to the law of complicity, usually referred to as the "law
of parties." The relevant section of the Texas Penal Code
provides:



A person is criminally responsible for an offense
committed by the conduct of another if:


* * *



(2) acting with intent to promote or assist the
commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person
to commit the offense.



Tex. Penal Code Ann. § 7.02(a) (1974). The State argues that
appellants, as purchasers, clearly solicited, encouraged, directed,
or aided the commission of the offense of delivery, notwithstanding
that the delivery was to themselves. We disagree.

 We recognize that, as a general proposition, the law of
parties applies to a prosecution for the delivery of a controlled
substance. See Boyer v. State, 801 S.W.2d 897 (Tex. Crim. App.
1991). Such application is not without exception, however. We
believe Professor LaFave correctly states the general rule
regarding exceptions to the law of complicity:



 There are . . . some exceptions to the general
principle that a person who assists or encourages a crime
is also guilty as an accomplice. For one, the victim of
the crime may not be held as an accomplice even though
his conduct in a significant sense has assisted in the
commission of the crime. . . .


 Another exception is where the crime is so defined
that participation by another is inevitably incident to
its commission. It is justified on the ground that the
legislature, by specifying the kind of individual who was
guilty when involved in a transaction necessarily
involving two or more parties, must have intended to
leave the participation by the others unpunished. . . . 
Thus, under this exception one having intercourse with a
prostitute is not liable as a party to the crime of
prostitution, a purchaser is not a party to the crime of
illegal sale, . . . .



2 W. LaFave & A. Scott, Substantive Criminal Law § 6.8(e) at 165-66
(1986) (citations omitted) (emphasis added). Other commentators
agree: "A purchaser of liquor is not regarded as an accomplice of
the person charged with selling such liquor; nor is a purchaser of
narcotics an accomplice of the person charged with selling such
narcotics." 1 C. Torcia, Wharton's Criminal Law, § 38 at 202 (14th
ed. 1978) (citations omitted).

 Numerous jurisdictions have addressed the question
presented here, and all have reached the same result. See Thompson
v. State, 347 So.2d 1384, 1386 (Ala. Crim. App. 1977); Sweatt v.
State, 473 S.W.2d 913, 914-15 (Ark. 1971); People v. Lamb, 285 P.2d
941, 942-43 (Cal. Ct. App. 1955); State v. Hayes, 351 N.W.2d 654,
657 (Minn. Ct. App. 1984); Tellis v. State, 445 P.2d 938, 940 (Nev.
1968); People v. Tune, 479 N.Y.S.2d 832, 834 (App. Div. 1984);
State v. Nasholm, 467 P.2d 647, 648 (Or. Ct. App. 1970); State v.
Fox, 313 N.W.2d 38, 40 (S.D. 1981); Brown v. State, 557 S.W.2d 926
(Tenn. Crim. App. 1977); State v. Berg, 613 P.2d 1125, 1126 (Utah
1980); State v. Warnock, 501 P.2d 625, 625-26 (Wash. Ct. App.
1972); Wheeler v. State, 691 P.2d 599, 602 (Wyo. 1984). The
opinion of the Supreme Court of Wyoming in Wheeler provides a good
example of the reasoning employed in these decisions:



There is a definite distinction between a seller and a
buyer. Their separate acts may result in a single
transaction, but the buyer is not aiding the "selling
act" of the seller and the seller is not aiding the
"buying act" of the buyer. The buyer and seller act from
different poles. They are not in association or
confederacy. An accomplice is one who participates in
the same criminal conduct as the defendant, not one whose
conduct is the antithesis of the defendant, albeit the
conduct of both is involved in a single transaction.


 Wharton's Criminal Evidence (13th ed. 1973) tells us
that a purchaser of narcotics is not an accomplice of the
defendant charged with selling such narcotics, Id. Vol.
3, § 648, pp. 360-361, and we so hold. The purchaser of
controlled substances commits the crime of "possession"
and not "delivery," and, thus, is not an accomplice to a
defendant charged with unlawful distribution.



Wheeler, 691 P.2d at 602.

 The few Texas courts that have addressed analogous
questions also have reached the same result. For example, when it
was unlawful to perform an abortion in Texas, it was nonetheless
well established that a woman on whom an abortion was performed,
even if she consented to the procedure, was not an accomplice to
the offense. See Easter v. State, 536 S.W.2d 223, 229 n.7 (Tex.
Crim. App. 1976), and cases cited therein. Likewise, before the
1943 amendments to the vagrancy statutes, Texas courts held that
one who was merely a customer of a prostitute was not guilty of the
offense of prostitution. See Lingenfelter v. State, 163 S.W. 981,
982-84 (Tex. Crim. App. 1913).

 When the legislature adopted the current Penal Code in
1974, it abolished the distinction between "principals" and
"accomplices," replacing those terms with the more modern concepts
of "complicity" and "criminal responsibility for the conduct of
another." We have found nothing, however, in the language or
legislative history of the Code to indicate that the legislature
intended to repudiate the long-standing precedent set by Texas
courts in their treatment of accomplices to the offenses of
prostitution and abortion. We conclude that, except where
otherwise provided by express legislative enactment, this
"exception" to the law of parties was carried into the current
Penal Code.

 We hold that appellants, as purchasers, were not parties
to the offense of delivery. Accordingly, we sustain appellants'
points of error challenging the sufficiency of the evidence to
sustain their convictions and the charging of the jury on the law
of parties.

 We reverse the three convictions and reform the judgments
to reflect an acquittal on the delivery count as to each appellant.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Reversed and Reformed on All Causes

Filed: August 30, 1991

[Publish]

1. The three appellants were tried as codefendants below;
therefore, although each appellant perfected a separate appeal,
we will consider and decide their appeals in a single opinion.
2. In separate counts, the three indictments also charged
appellants with the offense of possessing marihuana in an amount
greater than five but less than fifty pounds. However, the jury
acquitted each appellant on the possession count. We are not
here concerned with those counts.