An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVEYON CAMPBELL A/K/A
DAVEYON D. CAMPBELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62475

FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, conspiracy to commit robbery, robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant argues that the district court improperly admitted hearsay testimony from the murder victim's sister, Mary Holloway, that the murder victim made statements to her implicating appellant in the crimes. Specifically, appellant takes issue with Holloway's testimony that 30 minutes after receiving a phone call from the victim that he had been beaten, Holloway spoke to the victim at the hospital and he told her that "they beat me in the head," he identified appellant's companion as the person who beat him, he indicated that appellant was present and did nothing to stop the beating, and that the two men took his money and ran. Appellant filed a motion in limine to preclude Holloway's testimony at trial. The district court denied the motion after conducting an evidentiary hearing, concluding that the victim was still under the stress of having

13-31147

been attacked by a person who was considered a family friend and his grave injuries at the time he made the challenged statements to Holloway.

To be admitted under the excited utterance exception to the hearsay rule, a statement must have been made when the declarant was still "under the stress of the startling event." *Medina v. State*, 122 Nev. 346, 352, 143 P.3d 471, 475 (2006); *see* NRS 51.035; NRS 51.095. "The elapsed time between the event and the statement is a factor to be considered but only to aid in determining whether the declarant was under the stress of the startling event when he or she made the statement." *Id.* Although a transcript of the evidentiary hearing is not included in the appendix, nothing in the record suggests that the district court's factual findings are undeserving of deference, *see generally Rincon v. State*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006) (observing that, in reviewing the denial of a motion to suppress, this court "does not act as a finder of fact" and that a district court's factual findings are "entitled to deference on appeal and will not be overturned by this court if supported by substantial evidence"), and the district court's application of the law is sound. We therefore conclude that appellant has not demonstrated that the district court abused its discretion by admitting Holloway's testimony. *See Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006) (observing that admissibility of evidence falls within the sound discretion of the district court).

Appellant next argues that, in response to two questions the jury submitted to the district court during deliberations, the district court improperly directed the jurors to review certain instructions to assist them in answering those questions. In doing so, appellant contends, the district court highlighted instructions requested by the State while denying his request to highlight an instruction related to his theory of defense. "The

trial judge has wide discretion in the manner and extent he answers a jury's questions during deliberation." *Tellis v. State*, 84 Nev. 587, 591, 445 P.2d 938, 941 (1968). After hearing comments by the parties, the district court settled on eight instructions it deemed relevant to the jurors' questions. In a written note, the district court advised the jurors that the district court "was not at liberty to supplement instructions" and directed them to consider certain identified instructions that might be of assistance in answering the questions. The district court further advised the jurors that its intent was not to "overly emphasize any of these instructions over others, but merely to direct [the jury's] attention to instructions which may assist in answering [the jury's] questions" and that "Instruction number two instructs [the jury] to not single out any certain sentence or any individual point or instruction and ignore others, but to consider all of the instructions as a whole." Given the district court's written instruction to the jurors and our presumption that the jurors followed that instruction, *see Allred v. State*, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004), we conclude that appellant has not shown that the district court abused its discretion in this regard.

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                      Cherry

cc: Hon. Carolyn Ellsworth, District Judge
Hofland & Tomsheck
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk