# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES CHRISTIAN UPTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80507

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. Appellant James Upton raises three main issues on appeal.

Upton first argues that the district court abused its discretion by refusing to publish an admitted exhibit of a recorded interview to the jury and by admitting it strictly for impeachment purposes, rather than as substantive evidence. Even if the district court abused its discretion in declining to publish the interview, such error would be harmless because another witness, a police officer, testified to the exact statement Upton sought to have published, and we do not agree that any prejudice resulted from the jury not hearing the interview as well. *See Hernandez v. State*, 124 Nev. 639, 646, 188 P.3d 1126, 1131 (2008) (reviewing a decision to admit or exclude evidence for an abuse of discretion); *Weber v. State*, 121 Nev. 554, 579-80, 119 P.3d 107, 124 (2005) (concluding that an error in admitting inadmissible evidence was harmless where the same information was

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-45521

introduced through another witness), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 698, 405 P.3d 114, 120 (2017). And the record does not show that the district court limited the jury's consideration of the officer's testimony in that regard to only impeachment evidence. This argument therefore does not warrant reversal.

Upton next argues that the district court erred in denying his motion in limine seeking to prevent any reference to the minor victim's age. Reviewing for an abuse of discretion, *see Hernandez*, 124 Nev. at 646, 188 P.3d at 1131, we disagree. The victim's age was relevant to the jury's consideration of whether Upton had the reasonable fear required for self-defense and was not unfairly prejudicial. *See* NRS 48.015 (defining relevant evidence); NRS 48.035(1) (providing that relevant evidence is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice"); *Davis v. State*, 130 Nev. 136, 143, 321 P.3d 867, 872 (2014) (providing that a battery is justified when "the circumstances were sufficient to excite the fears of a reasonable person" (quoting NRS 200.130(1)); *see also, e.g., State v. Soukup*, 656 N.W.2d 424, 429 (Minn. Ct. App. 2003) (listing age as one factor relevant to an assertion of self-defense).

Upton's final argument challenges the district court's lack of response to a jury question submitted during deliberations stating that the jury was "locked out of the computer" and needed access "to view audio and video."[2] Because the district court did not respond, Upton asserts that the

---

[2] We reject Upton's assertion that the district court violated NRS 175.451 by not resolving the question before the parties as that requirement applies when the court gives the jury the information it requests, not when it declines to respond. *See Tellis v. State*, 84 Nev. 587, 591, 445 P.2d 938, 941 (1968) (addressing NRS 175.395, which is now codified as NRS 175.451).

jury could not properly consider whether reasonable doubt existed, which requires "comparison and consideration of all the evidence." NRS 175.211(1). We discern no reversible error, however, as the jury had the opportunity to hear and see the evidence during trial and could compare and consider that evidence with their memories and notes during deliberations. And the jury's question raised no concern that "the given jury instructions were inadequate or incorrectly stated the law" or that it was confused about or lacked "understanding of a significant element of the applicable law." *Gonzalez v. State*, 131 Nev. 991, 996, 366 P.3d 680, 683 (2015) (addressing when this court will find error in a district court's refusal to answer a jury question). And, finding no errors, we conclude that Upton's cumulative error argument necessarily fails. We therefore

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Scott N. Freeman, District Judge
Larry Dunn & Associates
Attorney General/Carson City
Carson City District Attorney
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A