IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUEL MATA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80814

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, second-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, trafficking in a controlled substance, and abuse, neglect or endangerment of a child resulting in substantial bodily harm.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

*Failure to preserve evidence*

First, appellant Manuel Mata argues that the district court erred in denying his motion to dismiss the charges based on the State's failure to preserve potentially exculpatory evidence. "'The State's failure to preserve potentially exculpatory evidence may result in dismissal of the charges if the defendant can show bad faith or connivance on the part of the government' or 'that he was prejudiced by the loss of the evidence.'" *Daniels*

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

21-19791

*v. State*, 114 Nev. 261, 266-67, 956 P.2d 111, 115 (1998) (quoting *Howard v. State*, 95 Nev. 580, 582, 600 P.2d 214, 215-216 (1979)). Mata takes issue with law enforcement's failure to preserve residential surveillance video and claims it would have substantiated his theory that he left the residence before the incident and that someone else perpetrated the killings.[2] Mata alternatively contends that the district court erred by rejecting his proposed instruction that the jury could infer that the lost or destroyed evidence would have negatively impacted the prosecution. *See Sanborn v. State*, 107 Nev. 399, 408, 812 P.2d 1279, 1286 (1991) (providing that the State's mishandling of evidence prejudiced the defendant and warranted an adverse instruction informing the jury that the lost evidence was irrebuttably presumed to be unfavorable to the State).

After the close of evidence, the district court considered the evidence presented at trial where each of the witnesses who reviewed the surveillance video testified that they did not see anything unusual or any activity outside of Mata's residence at the time of the killings. We agree with the district court's conclusion that Mata did not establish that law enforcement acted in bad faith or that he was prejudiced. *See Daniel v. State*, 119 Nev. 498, 520, 78 P.3d 890, 905 (2003) (providing that a defendant must show "that it could be reasonably anticipated the evidence in question would have been exculpatory and material"). Rather, he has shown only "a hoped-for conclusion that the evidence would have supported

---

[2]At trial, witnesses presented conflicting testimony as to whether law enforcement actually collected the surveillance video but Mata raises the issue as a failure to preserve the evidence.

his case." *Id.* Because each witness testified that the surveillance video did not show anything that corroborated his hoped-for conclusion, we conclude the video would not have made his other speculative evidence admissible. Therefore, we conclude that the district court did not abuse its discretion by rejecting Mata's instruction and denying his motion to dismiss. *See Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009) ("This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion."); *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (stating this court reviews a district court's denial of motion to dismiss for abuse of discretion); *see also Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason.").

*Exclusion of photographs*

Mata next argues that the district court erred in excluding photographs depicting him with the victims in "happier times." "[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

The State introduced photographs of the adult victim and the juvenile victims for the purpose of identification. When presenting his case in defense, Mata sought to introduce photographs that included himself and his biological daughter because the State's photographs created a "false narrative" he needed to rebut with a more accurate reflection of the family unit. The district court excluded Mata's photographs as irrelevant and because they only served as improper character evidence. We agree because the fact that Mata and his biological daughter lived with the adult victim

SUPREME COURT
OF
NEVADA

(O) 1947A

and her biological children as a family unit was not in dispute. *See* NRS 48.015 (defining "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence"). Moreover, the district court permitted Mata to present testimony from several witnesses that he was a good caretaker and had a positive relationship with the adult victim's children, including the juvenile victims. Therefore, we conclude that the district court did not abuse its discretion.

*Prosecutorial misconduct*

Mata next argues that the district court's refusal to grant a mistrial based on prosecutorial misconduct denied him of his right to a fair trial. This court reviews a district court's decision to deny a mistrial for abuse of discretion. *Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007). "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (footnotes omitted). Misconduct of a constitutional nature does not warrant reversal if it is harmless beyond a reasonable doubt. *Id.* at 1189, 196 P.3d at 476.

"It is well settled that the prosecution is forbidden at trial to comment upon an accused's election to remain silent following his arrest." *Morris v. State*, 112 Nev. 260, 263, 913 P.2d 1264, 1267 (1996) (internal quotation marks omitted). In this case, during closing argument, the State utilized an electronic presentation that included a slide titled: "[t]o accept the [d]efendant's [s]tory you would have to believe . . . ." The slide then

listed 10 events that the jury would have to believe to credit Mata's theory of defense. The State did not read or draw attention to the title of the slide, nor did the State make a direct comment on Mata's post-arrest silence. Rather, the prosecutor told the jury what he believed Mata would argue in closing and focused on discrediting the theory of defense. Because we deem the title of the slide to be, at most, a mere passing reference to Mata's post-arrest silence, we conclude that any error was harmless and the district court acted within its discretion when it denied Mata's motion for a mistrial. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (recognizing that comments constituting misconduct that are "merely passing in nature" are harmless beyond a reasonable doubt); *Coleman v. State*, 111 Nev. 657, 665, 895 P.2d 653, 658 (1995) (considering "the frequency and intensity of the references to" a defendant's silence when determining if reversal is warranted).

*Jury instruction*

Finally, Mata argues that the district court erred in defining "passion" in response to a jury question because the instruction gave an incomplete definition of the term. We disagree because the district court's answer appropriately addressed the jury's question. *See Tellis v. State*, 84 Nev. 587, 591, 445 P.2d 938, 941 (1968) ("The trial judge has wide discretion in the manner and extent he answers a jury's questions during deliberation."). During deliberations the jury asked "What is passion?" The district court explained it wanted to answer the exact question asked and provided the following answer: "Passion is defined as a strong and barely controllable emotion." We conclude that the district court acted within its discretion and discern no abuse of that discretion in rejecting Mata's more

expansive instruction. *See Jackson*, 117 Nev. at 120, 17 P.3d at 1000 ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."). Accordingly, we ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Parraguirre                                  Gibbons

cc:   Chief Judge, Eighth Judicial District Court
      Department 3, Eighth Judicial District Court
      David Schieck Law Office
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.